UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

**08 CV 2459**

PKC
ECF CASE

| | |
|---|---|
| HARTFORD FINANCIAL HOLDINGS, INC. | ) |
| ALAN R. STEVENSON, | ) |
| LIGHTHOUSE TWO CORP., | ) |
| CAPITAL ASSET MANAGEMENT, LTD., | ) |
| and NKV, LTD., | ) |
| | ) |
| **Petitioners,** | ) |
| | ) |
| **v.** | ) Case No. |
| | ) |
| STEVEN C. SIGNER, | ) |
| 1110 White Hawk Ranch Drive | ) |
| Boulder, Colorado 80303 | ) |
| | ) |
| **Respondent.** | ) |
| | ) |
| **In Re FINRA Arbitration # 05-04934** | ) |

---

## PETITIONERS' PETITION/MOTION TO CONFIRM ARBITRATION AWARD

COME NOW Petitioners, Hartford Financial Holdings, Inc. (hereafter "Hartford Financial"), Alan R. Stevenson (hereafter "Stevenson"), Lighthouse Two Corp. (hereafter "Lighthouse"), Capital Asset Management, Ltd. (hereafter "Capital Asset"), and NKV, Ltd. (hereafter "NKV"), by counsel, and Petition and move this Honorable Court to confirm the FINRA Arbitration Award entered against the Respondent Steven C. Signer on February 5, 2008 and award the additional relief set out below. In support of this Petition, Petitioners state as follows:

1. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1332 as this is a controversy between citizens of different states and the amount in controversy exceeds $75,000.00. Respondent Steven Signer is a resident of Colorado. Hartford Financial is a corporation with a principal place of business in Florida, Stevenson is a

citizen of the United Kingdom residing in the United Arab Emirates, Lighthouse is a corporation with a principal place of business in Connecticut, Capital Asset is a Canadian corporation with a principal place of business in Canada, and NKV is a Texas limited family partnership with a principal place of business in Texas. None of the Claimants are incorporated in or have a principal place of business in Colorado.

2. This Court has personal jurisdiction over Steven Signer based upon his signing and submission of the attached NASD arbitration Uniform Submission Agreement dated December 23, 2005 (Ex. 1 incorporated herein) and his participation in and appearance at the underlying arbitration in New York, New York from December 17, 2007 to December 21, 2007. The NASD has subsequently changed its name to FINRA (Financial Industry Regulatory Authority) and all references to NASD shall include FINRA and vice versa. The arbitration hearing took place solely at the FINRA offices at 1 Liberty Plaza, New York, New York, within the U.S. Southern District of New York.

3. There is an actual controversy between the parties as to their respective rights and obligations under a certain final FINRA arbitration award entered and served on February 5, 2008.

4. Venue is proper pursuant to 9 U.S.C. § 9 which states that: "such application may be made to the United States court in and for the district within which such award was made."

5. Pursuant to 9 U.S.C. § 9, Petitioners hereby apply for, petition, and move for the confirmation of the final FINRA arbitration award dated February 5, 2008, attached as Exhibit 2, and incorporated herein.

6. Steven Signer agreed to submit all controversies between the parties to binding arbitration and he, through counsel, selected arbitrators, conducted discovery, appeared at the pre-hearing conferences and the in-person arbitration hearings and submitted evidence, and is therefore bound by the decision of the arbitration panel.

7. The in-person arbitration hearings were held from December 17-21, 2007 in New York, New York, (within the Southern District of New York), and all parties were represented by counsel and had the opportunity to present witnesses and evidence, to cross-examine witnesses, to make objections, and to submit argument to the arbitration panel.

8. On February 5, 2008 the arbitration panel issued its written award (Exhibit 2) which included, but was not limited to, the following award at page 4:

> "After considering the pleadings, the testimony and evidence presented at the hearing, the post-hearing submissions, and the expungement hearing conducted on January 10, 2008, the Panel has decided in full and final resolution of the issues submitted for determination as follows:
>
> 1.     Respondent Signer is liable for and shall pay to Claimant Stevenson compensatory Damages in the amount of $775,000.00 plus interest at the rate of 9% per annum from April 1, 2007 until January 31, 2008.
> 2.     Respondent  Signer is liable for and shall pay to Claimant Hartford Financial compensatory damages in the amount of $275,000.00 plus interest at the rate of 9% per annum from April 1, 2007 until January 31, 2008.
> 3.     Respondent Signer is liable for and shall pay to Claimant Capital Asset compensatory damages in the amount of $95,000.00 plus interest at the rate of 9% per annum from April 1, 2007 until January 31, 2008.
> 4.     Respondent Signer is liable for and shall pay to Claimant Lighthouse compensatory damages in the amount of $420,000.00 plus interest at the rate of 9% per annum from April 1, 2007 until January 31, 2008.
> 5.     Respondent Signer is liable for and shall pay to Claimant NKV compensatory damages in the amount of $310,000.00 plus interest at the rate of 9% per annum from April 1, 2007 until January 31, 2008."

9.  Steven Signer has failed to comply with the arbitration award and has failed to pay the amounts mandated by the award.

10.  Steven Signer has further agreed that a judgment upon the arbitration award may be entered in court by his prior membership in and regulation by the NASD (now FINRA), and further agreed to entry of a judgment on the award in paragraph 4 of the attached Exhibit 1.

11.  NASD (now FINRA) Arbitration Rule 10330 provides that an "award shall bear interest from the date of the award: (1) if not paid within thirty (30) days of receipt...or (3) as specified by the arbitrator in the award.  Interest shall be assessed at the legal rate, if any, then prevailing in the state where the award was rendered, or at a rate set by the arbitrator(s)."

12.  Pursuant to NASD/FINRA Rule 10330, Petitioners request that the judgment on the award provide for interest at 9% per annum from the date of the award on the compensatory damage figures in the award.  9% is both the rate set by the arbitrators for pre-judgment interest, and the legal rate in New York (N.Y. CPLR 5004).

WHEREFORE, for the foregoing reasons, Petitioners Hartford Financial Holdings, Inc., Alan R. Stevenson, Lighthouse Two Corp., Capital Asset Management, Ltd., and NKV, Ltd. move and petition this Honorable Court to confirm the subject arbitration award and enter judgment against Steven Signer in the following amounts for the designated Petitioners:

      1.  Alan R. Stevenson:  compensatory damages in the amount of $775,000.00 plus interest at the rate of 9% per annum from April 1, 2007 until January 31, 2008.

2. Hartford Financial Holdings, Inc.: compensatory damages in the amount of $275,000.00 plus interest at the rate of 9% per annum from April 1, 2007 until January 31, 2008.

3. Capital Asset Management, Ltd.: compensatory damages in the amount of $95,000.00 plus interest at the rate of 9% per annum from April 1, 2007 until January 31, 2008.

4. Lighthouse Two Corp.: compensatory damages in the amount of $420,000.00 plus interest at the rate of 9% per annum from April 1, 2007 until January 31, 2008.

5. NKV, Ltd.: compensatory damages in the amount of $310,000.00 plus interest at the rate of 9% per annum from April 1, 2007 until January 31, 2008.

Petitioners further move and petition for the judgment to contain an Order of interest to accrue on the above damage figures from February 5, 2008 at 9% per annum until paid, and award such other and further relief as this Court shall deem proper.

HARTFORD FINANCIAL HOLDINGS
INC.,
ALAN R. STEVENSON,
LIGHTHOUSE TWO CORP.,
CAPITAL ASSET MANAGEMENT LTD.,
and NKV, LTD.,
By Counsel

GRECO & GRECO, P.C.
1300 Old Chain Bridge Road
McLean, Virginia 22101
Telephone (703) 821-2777
Facsimile (703) 893-9377


By: _____          Dated: 3/5/08

Frederick D. Greco (SDNY Bar Code FG3669)
fdgreco@grecogrecolaw.com
Counsel for Petitioners

Co-counsel for Petitioners to be admitted pro hac vice:
W. Scott Greco
GRECO & GRECO, P.C.
1300 Old Chain Bridge Road
McLean, Virginia 22101
wsgreco@grecogrecolaw.com
Telephone (703) 821-2777
Facsimile (703) 893-9377

NASD Arbitration
## UNIFORM SUBMISSION AGREEMENT
Respondent(s)

### In the Matter of the Arbitration Between

Name(s) of Claimant(s)

Hartford Financial Holdings, Inc., Alan R. Stevenson, Lighthouse Two Corp., Capital Asset Management Ltd., Andrew Trojner, and NKV, Ltd.

and

Name(s) of Respondent(s)

Bathgate Capital Partners LLC, Steven C. Signer, Bathgate Partners LLC, Steven M. Bathgate, Vicki D. Barone, Richard T. Huebner, and NF Clearing, Inc., formerly known as FISERV Sercurities, Inc.

1.  The undersigned parties hereby submit the present matter in controversy, as set forth in the attached statement of claim, answers, and all related counterclaims and/or third-party claims which may be asserted, to arbitration in accordance with the Constitution, By-Laws, Rules, Regulations, and/or Code of Arbitration Procedure of the sponsoring organization.

2.  The undersigned parties hereby state that they have read the procedures and rules of the sponsoring organization relating to arbitration.

3.  The undersigned parties agree that in the event a hearing is necessary, such hearing shall be held at a time and place as may be designated by the Director of Arbitration or the arbitrator(s). The undersigned parties further agree and understand that the arbitration will be conducted in accordance with the Constitution, By-Laws, Rules, Regulations, and/or Code of Arbitration Procedure of the sponsoring organization.

4.  The undersigned parties further agree to abide by and perform any award(s) rendered pursuant to this Submission Agreement and further agree that a judgment and any interest due thereon, may be entered upon such award(s) and, for these purposes, the undersigned parties hereby voluntarily consent to submit to the jurisdiction of any court of competent jurisdiction which may properly enter such judgment.

5.  The parties hereto have signed and acknowledged the foregoing Submission Agreement.

_STEVEN C. SIGNER_

Respondent Name (please print)

_Steven C. Signer_                                    12/23/05

Respondent's Signature                                        Date

_____

Respondent Name (please print)

_____

Respondent's Signature                                        Date

### If needed, copy this page.

*As outlined in the Statement of Answer being filed with this Submission Agreement, Respondent objects to Andrew Trojner as a proper party to this arbitration. Respondent does not waive this objection by signing this Submission Agreement.

24

EXHIBIT
2

**Award**
**FINRA Dispute Resolution**

In the Matter of the Arbitration Between:

Hartford Financial Holdings, inc., Alan R. Stevenson, Lighthouse Two Corp., Capital Asset Management Ltd., Andrew Trojner, and NKV, Ltd. (Claimants) vs. Bathgate Capital Partners LLC, Steven C. Signer, Bathgate Partners LLC, Steven M. Bathgate, Vicki D. Barone, Richard T. Huebner, and NF Clearing, Inc., formerly known as Fiserv Securities, Inc. (Respondents)

Case Number: 05-04934                    Hearing Site: New York, New York

Nature of the Dispute: Customers vs. Members, Non-Member, and Associated Persons.

## REPRESENTATION OF PARTIES

Claimants Hartford Financial Holdings, Inc., ("Hartford"), Alan R. Stevenson ("Stevenson"), Lighthouse Two Corp., ("Lighthouse"), Capital Asset Management Ltd., ("Capital"), Andrew Trojner ("Trojner"), and NKV, Ltd., (NKV"), hereinafter collectively referred to as "Claimants": W. Scott Greco, Esq., Greco & Greco, P.C., McLean, VA.

Respondents Bathgate Capital Partners LLC ("Bathgate Capital"), Bathgate Partners LLC ("Bathgate Partners") and Richard T. Huebner ("Huebner") hereinafter collectively referred to as "The Bathgate Respondents": Ann B. Frick, Esq., Jacobs Chase Frick Kleinkopf & Kelley, Denver, CO.

Respondent Steven C. Signer hereinafter referred to as ("Signer"): Steve A. Miller, Esq., Steve A. Miller, P.C., Denver, CO.

Respondents Steven M. Bathgate ("Bathgate") and Vicki D. Barone ("Barone"), hereinafter collectively referred to as "Respondents": John V. McDermott, Esq., Holme Roberts & Owen LLP, Denver, CO. Previously represented by Ann B. Frick, Esq., Jacobs Chase Frick Kleinkopf & Kelley, Denver, CO.

Respondent NF Clearing, Inc., formerly known as Fiserv Securities, Inc., ("NF Clearing"): Michael G. Shannon, Esq., Thelen Reid Brown Raysman & Steiner LLP, New York, NY. Previously represented by Michael G. Shannon, Esq., Thelen Reid & Priest LLP, New York, NY.

Respondents Steven M. Bathgate, Richard Huebner, and Vicki Barone were represented at the expungement hearing by Steven D. Plissey, Esq., Sherman & Howard LLC, Denver, CO.

## CASE INFORMATION

Statement of Claim filed on or about: September 20, 2005.
Hartford signed the Uniform Submission Agreement: September 12, 2005.
Stevenson signed the Uniform Submission Agreement: September 9, 2005.
Lighthouse signed the Uniform Submission Agreement: September 9, 2005.
Capital signed the Uniform Submission Agreement: September 9, 2005.
Trojner signed the Uniform Submission Agreement: September 9, 2005.
NKV signed the Uniform Submission Agreement: September 12, 2005.

Joint Statement of Answer filed by Bathgate Capital, Bathgate Partners, Bathgate,
Barone and Huebner on or about: December 22, 2005.
Bathgate Capital signed the Uniform Submission Agreement: December 22, 2005.
Bathgate Partners signed the Uniform Submission Agreement: December 22, 2005.
Bathgate signed the Uniform Submission Agreement: December 22, 2005.
Barone signed the Uniform Submission Agreement: December 22, 2005.
Huebner signed the Uniform Submission Agreement: December 22, 2005.

Statement of Answer filed by Signer on or about: December 23, 2005.
Signer signed the Uniform Submission Agreement: December 23, 2005.

Motion to Dismiss and Statement of Answer filed by NF Clearing on or about: January
3, 2006.
NF Clearing did not submit a Uniform Submission Agreement.

## CASE SUMMARY

Claimants asserted the following causes of action: securities fraud, common law fraud,
constructive fraud, breach of fiduciary duty, solicitation and sale of securities by
unlicensed agents in violation of state securities acts, exercise of discretion without prior
written authorization, failure to follow orders to stop trading, suitability, churning,
negligence, breach of contract, control person liability, and clearing liability. The causes
of action relate to the purchase of U.S. treasuries.

In their Amended Statement of Claim, Claimants asserted the following additional cause of
action against NF Clearing: clearing liability.

Unless specifically admitted in their Answer, Bathgate Capital, Bathgate Partners,
Bathgate, Barone and Huebner denied the allegations made in the Statement of Claim
and asserted various affirmative defenses.

Unless specifically admitted in his Answer, Signer denied the allegations made in the
Statement of Claim and asserted various affirmative defenses.

Unless specifically admitted in its Answer, NF Clearing denied the allegations made in the
Statement of Claim and asserted various affirmative defenses.

Unless specifically admitted in its Motion to Dismiss, NF Clearing denied the allegations
made in the Amended Statement of Claim.

## RELIEF REQUESTED

Claimant Hartford requested compensatory damages in the amount of $600,000.00. Claimant Stevenson requested compensatory damages in the amount of $1,657,247.00. Claimant Lighthouse requested compensatory damages in the amount of $996,519.00. Claimants Capital and Trojner requested compensatory damages in the amount of $370,000.00. Claimant NKV requested compensatory damages in the amount of $688,596.00. Claimants also jointly requested damages for the commissions and fees earned by Respondents, interest from the date of the wrongful conduct until payment of the award, opportunity lost damages, punitive damages in the amount of $13,000,000.00, costs, including FINRA fees, attorneys' fees, and such other further relief to which Claimants may be justly entitled as determined by the Arbitration Panel.

Bathgate Capital, Bathgate Partners, Bathgate, Barone and Huebner requested the dismissal of the Statement of Claim in its entirety, and that the Panel assess all attorneys' fees, costs and forum fees against Claimants, and that they be awarded all other relief that the arbitration panel deems reasonable and appropriate under the circumstances.

Signer requested the dismissal of the Statement of Claim in its entirety, and that the Panel assess all attorneys' fees, costs, and forum fees against Claimants, and that Signer be awarded all other relief that the arbitration panel deems reasonable and appropriate under the circumstances.

NF Clearing requested the dismissal of the Statement of Claim in its entirety, and that all costs and forum fees be assessed against Claimants.

## OTHER ISSUES CONSIDERED AND DECIDED

Respondent NF Clearing did not file with FINRA Dispute Resolution a properly executed Uniform Submission Agreement but is required to submit to arbitration pursuant to the Code, and having answered the claim, appeared and testified at the pre-hearing conferences, is bound by the determination of the Panel on all issues submitted.

By letter dated November 14, 2006 Claimant filed a Motion to Amend the Statement of Claim against Respondent NF Clearing to assert additional claims. By letter dated November 22, 2006 NF Clearing submitted its opposition and Motion to Dismiss. Claimants' response was dated December 11, 2006. After due deliberation, the Panel granted Claimants' Motion to Amend and denied NF Clearing's Motion to Dismiss.

By letter dated April 12, 2007, Claimants advised FINRA Dispute Resolution that they had settled their claims with Bathgate Capital, Bathgate Partners, Bathgate, Barone, Huebner, and NF Clearing. Claimants further advised that they were pursuing their claims against Signer.

By letter dated April 23, 2007, Respondents Bathgate, Barone, and Huebner requested expungement. After due deliberation, the Panel deferred decision until the hearing.

The Panel conducted a hearing on January 10, 2008 so the parties could present evidence on Respondents Bathgate, Barone, and Huebner's request for expungement.

The parties have agreed that the Award in this matter may be executed in counterpart copies or that a handwritten, signed Award may be entered.

## AWARD

After considering the pleadings, the testimony and evidence presented at the hearing, the post-hearing submissions, and the expungement hearing conducted on January 10, 2008, the Panel has decided in full and final resolution of the issues submitted for determination as follows:

1. Respondent Signer is liable for and shall pay to Claimant Stevenson compensatory damages in the amount of $775,000.00 plus interest at the rate of 9% per annum from April 1, 2007 until January 31, 2008.

2. Respondent Signer is liable for and shall pay to Claimant Hartford Financial compensatory damages in the amount of $275,000.00 plus interest at the rate of 9% per annum from April 1, 2007 until January 31, 2008.

3. Respondent Signer is liable for and shall pay to Claimant Capital Asset compensatory damages in the amount of $95,000.00 plus interest at the rate of 9% per annum from April 1, 2007 until January 31, 2008.

4. Respondent Signer is liable for and shall pay to Claimant Lighthouse compensatory damages in the amount of $420,000.00 plus interest at the rate of 9% per annum from April 1, 2007 until January 31, 2008.

5. Respondent Signer is liable for and shall pay to Claimant NKV compensatory damages in the amount of $310,000.00 plus interest at the rate of 9% per annum from April 1, 2007 until January 31, 2008.

6. Respondents Bathgate, Barone, and Huebner's expungement request is denied.

7. Any and all relief not specifically addressed herein, including punitive damages, is denied.

## FEES

Pursuant to the Code, the following fees are assessed:

**Filing Fees**
FINRA Dispute Resolution will retain or collect the non-refundable filing fees for each claim:

| | |
|---|---|
| Initial claim filing fee | = $  600.00 |

**Member Fees**

Member fees are assessed to each member firm that is a party in these proceedings or to the member firms that employed the associated persons at the time of the events giving rise to the dispute. Accordingly, Bathgate Capital Partners LLC and NF Clearing, Inc., are parties.

| | |
|---|---|
| Member surcharge | = $3,750.00 |
| Pre-hearing process fee | = $ 750.00 |
| Hearing process fee | = $5,500.00 |

## Adjournment Fees

Adjournments granted during these proceedings for which fees were assessed:

| | |
|---|---|
| January 16-19, 22-26, 2007 adjournment by Bathgate Capital and Bathgate Partners | = $1,200.00 |
| May 8-11, 14-18, 2007 joint adjournment request | = $1,200.00 |
| Claimants' share | = $ 600.00 |
| Respondent Signer's share | = $ 600.00 |

## Three-Day Cancellation Fees

Fees apply when a hearing on the merits is postponed or settled within three business days before the start of a scheduled hearing session:

| | |
|---|---|
| May 8-11, 14-18, 2007 joint adjournment request | = $ 300.00 |
| Claimants' share | = $ 150.00 |
| Respondent Signer's share | = $ 150.00 |

## Forum Fees and Assessments

The Panel has assessed forum fees for each session conducted or each decision rendered on either a discovery-related motion on the papers or a contested motion for the issuance of a subpoena. A session is any meeting between the parties and the arbitrator, including a pre-hearing conference with the arbitrator, that lasts four (4) hours or less. Fees associated with these proceedings are:

| | |
|---|---|
| Two (2) Decisions on discovery-related motions on the papers with (3) three arbitrators @ $600.00 | = $ 1,200.00 |

Claimants submitted one discovery-related motion
The Bathgate Respondents submitted one discovery-related motion

| | | | |
|---|---|---|---|
| Six (6) Pre-hearing sessions with Panel @ $1,200.00 | | | = $ 7,200.00 |
| Pre-hearing conferences: | February 14, 2006 | 1 session | |
| | February 24, 2006 | 1 session | |
| | May 4, 2006 | 1 session | |
| | June 8, 2006 | 1 session | |
| | October 30, 2006 | 1 session | |
| | November 30, 2006 | 1 session | |

| | | | |
|---|---|---|---|
| Ten (10) Hearing sessions @ $1,200.00 | | | = $12,000.00 |
| Hearing Dates: | December 17, 2007 | 2 sessions | |
| | December 18, 2007 | 2 sessions | |

| December 19, 2007 | 1 session |
| December 20, 2007 | 2 sessions |
| December 21, 2007 | 2 sessions |
| January 10, 2008 | 1 session |

| Total Forum Fees | = $20,400.00 |

1. The Panel has assessed $19,200.00 of the forum fees to Respondent Signer.
2. The Panel has assessed $1,200.00 of the forum fees to Respondents Bathgate, Barone, and Huebner.

## Fee Summary

1. Claimants are jointly and severally liable for:

| | |
|---|---|
| Initial Filing Fee | = $    600.00 |
| Adjournment Fee | = $    600.00 |
| Three-Day Cancellation Fee | = $    150.00 |
| Total Fees | = $  1,350.00 |
| Less payments | = $  2,550.00 |
| Refund Due to Claimants | = $  1,200.00 |

2. Respondent Signer is solely liable for:

| | |
|---|---|
| Adjournment Fee | = $    600.00 |
| Three-Day Cancellation Fee | = $    150.00 |
| Forum Fees | = $19,200.00 |
| Total Fees | = $19,950.00 |
| Less payments | = $    750.00 |
| Balance Due FINRA Dispute Resolution | = $19,200.00 |

3. Respondent Bathgate Capital Partners LLC is solely liable for:

| | |
|---|---|
| Member Fees | = $10,000.00 |
| Total Fees | = $10,000.00 |
| Less payments | = $10,000.00 |
| Balance Due FINRA Dispute Resolution | = $        0.00 |

4. Respondent NF Clearing, Inc. is solely liable for:

| | |
|---|---|
| Member Fees | = $10,000.00 |
| Total Fees | = $10,000.00 |
| Less payments | = $15,500.00 |
| Refund Due NF Clearing, Inc. | = $  5,500.00 |

5. Respondents Bathgate, Barone, and Huebner are jointly and severally liable for:

| | |
|---|---|
| Forum Fees | = $  1,200.00 |
| Total Fees | = $  1,200.00 |
| Less payments | = $        0.00 |
| Balance Due FINRA Dispute Resolution | = $  1,200.00 |

6. Respondents Bathgate Capital and Bathgate Partners are jointly and severally liable for:

| | |
|---|---|
| Adjournment Fee | = $  1,200.00 |

| Total Fees | = $ | 1,200.00 |
| Less payments | = $ | 1,200.00 |
| Balance Due FINRA Dispute Resolution | = $ | 0.00 |

All balances are payable to FINRA Dispute Resolution and are due upon receipt.

## ARBITRATION PANEL

| Sid Braufman | - | Public Arbitrator, Presiding Chairperson |
| Daniel J. McCarthy, Jr. | - | Public Arbitrator |
| Joseph N. Stineman | - | Non-Public Arbitrator |

I, the undersigned Arbitrator, do hereby affirm, pursuant to Article 7507 of the Civil Practice Law and Rules, that I am the individual described herein and who executed this instrument which is my award.

### Concurring Arbitrators' Signatures

_Sid Braufman_
Sid Braufman
Public Arbitrator, Presiding Chairperson

JAN. 30, 2008
Signature Date

Daniel J. McCarthy, Jr.
Public Arbitrator

Signature Date

Joseph N. Stineman
Non-Public Arbitrator

Signature Date

February 5, 2008
Date of Service (For FINRA Dispute Resolution use only)

FINRA Dispute Resolution
Arbitration No. 05-04934
Award Page 8 of 8

## ARBITRATION PANEL

| | | |
|---|---|---|
| Sid Braufman | - | Public Arbitrator, Presiding Chairperson |
| Daniel J. McCarthy, Jr. | - | Public Arbitrator |
| Joseph N. Stineman | - | Non-Public Arbitrator |

I, the undersigned Arbitrator, do hereby affirm, pursuant to Article 7507 of the Civil Practice Law and Rules, that I am the individual described herein and who executed this instrument which is my award.

## Concurring Arbitrators' Signatures

_____                    _____
Sid Braufman                                                     Signature Date
Public Arbitrator, Presiding Chairperson

_____                    _____
Daniel J. McCarthy, Jr.                                       Signature Date
Public Arbitrator

_____                    _____
Joseph N. Stineman                                          Signature Date
Non-Public Arbitrator

February 5, 2008
_____
Date of Service (For FINRA Dispute Resolution use only)

FINRA Dispute Resolution
Arbitration No. 05-04934
Award Page 8 of 8

## ARBITRATION PANEL

| Sid Braufman | - | Public Arbitrator, Presiding Chairperson |
| Daniel J. McCarthy, Jr. | - | Public Arbitrator |
| Joseph N. Stineman | - | Non-Public Arbitrator |

I, the undersigned Arbitrator, do hereby affirm, pursuant to Article 7507 of the Civil Practice Law and Rules, that I am the individual described herein and who executed this instrument which is my award.

### Concurring Arbitrators' Signatures

_____                         _____
Sid Braufman                                      Signature Date
Public Arbitrator, Presiding Chairperson


_____                         _____
Daniel J. McCarthy, Jr.                           Signature Date
Public Arbitrator


_____                         1/30/2008
Joseph N. Stineman                                Signature Date
Non-Public Arbitrator


February 5, 2008
_____
Date of Service (For FINRA Dispute Resolution use only)